Peter R. Afrasiabi (Bar No. 193336)
Email: pafrasiabi@onellp.com
John Tehranian, Esq. (Bar. No. 211616)
jtehranian@onellp.com
Vishwanath Kootala Mohan (Bar No. 313759)
vkmohan@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
West Tower, Ste. 500
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:    (949) 258-5081

Attorneys for Plaintiff,
Michael Grecco Productions, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., a California corporation,<br><br>            Plaintiff,<br><br>   v.<br><br>VALNET, INC., a Canadian corporation; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Michael Grecco Productions, Inc ("Grecco "), by and through its attorneys of record, complains against Valnet, Inc. ("Valnet") and DOES 1-10 (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1.     This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 101 et seq.

2.     This Court has subject matter jurisdiction over this copyright infringement action under 28 U.S.C. §§ 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

3.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, the Defendants may be found and transact business in this Judicial District, and the injury suffered by Grecco took place in this Judicial District. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California.

## PARTIES

4.     Plaintiff Grecco is a photography studio and business owned and operated by photographer Michael Grecco. Grecco is the successor by corporate name change to Michael Grecco Photography, Inc. Grecco is incorporated in California and has a principal place of business located at 3103 17th Street, Santa Monica, California 90405.

5.     Grecco is informed and believes and, upon such, alleges that Defendant Valnet is a corporation incorporated in Saint-Laurent, Canada with its principal place of business in 7405 Transcanada, Suite 100, Saint-Laurent (QC) H4T 1Z2, Canada. Valnet is also the owner of thirteen influential brands and uses those brands for its publishing service.

6.     DOES 1 through 10, inclusive, are unknown to Grecco, who therefore sues said Defendants by such fictitious names. Grecco will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained. Grecco is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the

1  events and happenings herein alleged, and that Grecco's damages as alleged herein were

2  proximately caused by such Defendants.

3

4  **STATEMENT OF FACTS**

5  *Plaintiff's Business and the Images Forming the Subject Matter of This Dispute.*

6      7.    Michael Grecco, principal and owner of Grecco, is an award winning

7  commercial photographer and film director. Grecco is noted for its iconic celebrity

8  portraits, innovative magazine covers, editorial images, and advertising spreads for

9  numerous top-tier media outlets.

10     8.    As part of its business as a prominent celebrity photography agency, Grecco is

11 hired by a multitude of top-tier media outlets, such as Hollywood studios, to take

12 photographs of celebrities. Grecco then licenses its photographs on an exclusive and non-

13 exclusive basis to the top-tier media outlets. Grecco has licensed individual images of

14 celebrities for thousands of dollars to major top-tier media outlets.

15     9.    Grecco has created many stylized and valuable photographs of celebrities.

16 Some among them include: 1) the Fox Mulder and Dana Scully Flashlight Photo ("X-Files-

17 1 Photo"); 2) the Kira Photo ("Star-Trek Photo"); 3) the Fox Mulder and Dana Scully Desk

18 Photo ("X-Files-2 Photo"); 4) the Heather Mitts Photo ("Mitts Photo"); and 5) the Kathy

19 Ireland Photo ("Ireland Photo") (collectively, the "Images"). Copyright infringement of

20 these Images is at issue in this case.

21     10.    Grecco has timely obtained the following registrations with the United States

22 Copyright Office for the aforementioned Images: 1) X-Files-1 Photo, Reg. No.: VA 1-232-

23 596 on September 8, 2003; 2) Star Trek Photo, Reg. No.: VA 1-736-729 on July 7, 2010; 3)

24 X-Files-2 Photo, Reg. No. VA 2-030-741 on January 22, 2017; 4) Mitts Photo, Reg No.

25 VAu 1-017-645 on April 27, 2009; and 5) Ireland Photo, Reg. No.: VAu 1-091-782 on

26 February 07, 2012 (collectively the "Copyright Registrations").

27     11.    True and correct copy of the X-Files-1 Photo and its copyright registration is

28 attached hereto as Exhibit A. True and correct copy of the Star Trek Photo and its copyright

**COMPLAINT**

registration is attached hereto as Exhibit B. True and correct copy of the X-Files-2 Photo and its copyright registration is attached hereto as Exhibit C. True and correct copy of the Mitts Photo and its copyright registration is attached hereto as Exhibit D. True and correct copy of the Ireland Photo and its copyright registration is attached hereto as Exhibit E.

12.    Grecco filed for copyright registration of all the Photos within 90 days of their authorship and first publication and/or before Defendants' copyright infringement of the same.

*The Defendants and the Marketplace.*

13.    On information and belief, Valnet is a sophisticated and successful online Media publisher serving its readers by publishing, creating, and distributing content for its brands and audiences, worldwide through its website: https://www.valnetinc.com/ ("Website"). Valnet has a portfolio of thirteen influential brands, almost all with their own websites—namely, TheRichest (https://www.therichest.com/); ScreenRant (https://screenrant.com/); TheTalko (https://www.thetalko.com/); TheSportster (https://www.thesportster.com/); TheGamer (https://www.thegamer.com/); BabyGaga (https://www.babygaga.com/); TheThings (https://www.thethings.com/); TheQuiz (https://www.thequiz.com/); LittleAngel (https://www.valnetinc.com/en/brands/littleangel); HotCars (https://www.hotcars.com/); CBR (https://www.cbr.com/); TheHub (https://www.valnetinc.com/en/brands/thehub); and TheTrendy (https://www.valnetinc.com/en/brands/thetrendy) (collectively the "Brand Websites")—in a variety of different industries. True and correct copies of screenshots of the Website showing the brands are attached hereto as Exhibit F. Valnet uses its brands to publish, create, and distribute content for its brands and audiences.

14.    Defendant Valnet touts itself to be the world's leader in the content creation and distribution industry. On information and belief, Defendant's goal of reaching the worldwide community is evident in the in the advertising materials displayed on its website. As Defendant states, among other statistics, it receives 1 billion monthly page

views, 83 million monthly users, 540 million monthly YouTube video views, and 12 million YouTube subscriptions. True and correct copies of screenshots of the Website illustrating the advertising material are attached hereto as Exhibit G.

15.     Grecco alleges, on information and belief, that Defendant Valnet owned and operated the Website and the Brand Websites at all times relevant to this dispute.

16.     Defendants are aware of the value of copyrights and the legal implications of copyright infringement. The Website has a specific form to contact the legal department with any queries. The Brand Websites have detailed "Terms of Use" that discuss intellectual property rights, prohibit illegal use, etc. Further, the Brand Websites have a sperate section on copyright with detailed discussions on the "Digital Millennium Copyright Act Policy, Notice and Takedown Procedure." True and correct copies of screenshots of the Websites and the Brand Websites evidencing Defendants' awareness of copyrights and the legal implications of copyright infringement are attached hereto as Exhibit H.

17.     Defendants have, on information and belief, violated federal law by willfully infringing Grecco's copyrights to at least the Images identified herein. Specifically, Defendants reproduced, distributed, and publicly displayed the Images, and derivatives thereof, on the Website and Brand Websites without permission, consent, or license. True and correct copies of screenshots of the Website and Brand Websites showing Defendants' infringing use of the Images are attached hereto as Exhibit I.

18.     In fact, Defendants were aware that Michael Grecco owned the copyright to at least one of the Images, namely, the Ireland Photo. As evidenced in Exhibits E and I, the Ireland Photo has a by-line that clearly states, "PHOTOGRAPHED BY MICHAEL GRECCO FOR FORBES." However, despite that knowledge, Defendants blatantly and without seeking any permission from Grecco, reproduced, distributed, and publicly displayed the Ireland Photo.

**COMPLAINT**

19.     In the marketplace, celebrity photos such as those at issue in this case carry tremendous monetary value. Grecco licenses these images to various third parties to create highly sought-after feature spreads, among other things, on television, print, and online.

20.     On information and belief, Defendants' reproduction, distribution, and public display of the Images, and derivatives thereof, continues unabated to this very day.

21.     On information and belief, Defendants herein have driven significant traffic to the Website in large part due to the presence of the sought after and searched-for celebrity images that frame this dispute. All of this traffic translates into substantial ill-gotten commercial advantage and revenue generation for Defendants as a direct consequence of their infringing actions. For example, as of April 29, 2017, TheThings.com generated an estimated website traffic of $223,117 with over a hundred thousand daily page views. A true and correct copy of a screenshot from freewebsitesitereport.org illustrating TheThings.com's—one of Valent's brand—website traffic is attached hereto as Exhibit J.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501)

22.     Plaintiff Grecco incorporates here by reference the allegations in paragraphs 1 through 20 above.

23.     Grecco is the rightsholder to the copyrights of the Images, which substantially consist of wholly original material that constitutes copyrightable subject matter under the laws of the United States. Grecco has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. As evidenced by Exhibit C, the Images have been timely registered with the United States Copyright Office.

24.     Defendants have directly, vicariously, and/or contributorily infringed, and unless enjoined, will continue to infringe Grecco's copyrights by reproducing, displaying, distributing, and utilizing the Images for purposes of trade without authorization of or payment to Grecco in violation of 17 U.S.C. § 501 et seq.

**COMPLAINT**

25.     Defendants has willfully infringed, and unless enjoined, will continue to infringe Grecco's copyrights by knowingly reproducing, displaying, distributing, and utilizing the Images for purposes of trade.

26.     On information and belief, Defendants's acts of infringement are willful because, *inter alia*, the Defendants are sophisticated businesses with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

27.     On information and belief, Defendants, despite such knowledge, willfully reproduced, publicly distributed, and publicly displayed the Images on the Website and the Brand Websites.

28.     Defendants has received substantial benefits in connection with the unauthorized reproduction, display, distribution, and utilization of the Images for purposes of trade, including by increasing the traffic to the Website and Brand Websites and, thus, increasing the potential sales and advertisements opportunities of Defendants' and other companies' products.

29.     Defendants' actions were and are continuing to be performed without Grecco's permission, license, or consent.

30.     Defendants' wrongful acts have caused, and are causing, great injury to Grecco, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Grecco will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Grecco seeks a declaration that Defendants is infringing Grecco's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Grecco's copyrights.

31.     As a result of Defendants' wrongful acts alleged herein, Grecco has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

**COMPLAINT**

32.     Because of the willful nature of Defendants' copyright infringement, Grecco is entitled to an award of statutory damages of up to $150,000 per copyrighted work.

33.     Grecco has identified at least five copyrighted works—namely, the Images— infringed by Defendants, which occurred by way of reproduction, public distribution, and public display of the Images on the Website and the Brand Websites on at least 8 different and distinct occasions and locations. Therefore, Grecco is entitled to an award of $1,200,000 ($150,000 times eight infringements of the Images) in statutory damages.

34.     Alternatively, at its discretion, Grecco is entitled to actual damages in an amount to be proven at trial for the infringement of all works at issue.

35.     Grecco is also entitled to its attorney's fees in prosecuting this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Grecco requests judgment against Defendants as follows:

1.     The Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all person in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Grecco's rights in the photographs at issue.

2.     Defendants be held liable to Grecco in statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504 (a)(2) and (c) and for costs, interest, and reasonable attorney's fees pursuant to 17 U.S.C. § 505.

3.     An accounting be made for all profits, income, receipts, or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised that

improperly or unlawfully infringes upon Grecco's copyrights pursuant to 17 U.S.C. § 504 (a)(1) and (b).

4.    Requiring Defendants to account for and pay over to Grecco all profits derived by Defendants from their acts of copyright infringement and to reimburse Grecco for all damages suffered by Grecco by reasons of Defendants's acts, pursuant to 17 U.S.C. §§ 504 (a)(1) and (b).

5.    Actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) and (b).

6.    That Grecco be awarded any such other and further relief as the Court may deem just and appropriate.

Dated: June 1, 2018                    **ONE LLP**

                                       By:  /s/ Vishwanath Kootala Mohan
                                            Vishwanath Kootala Mohan
                                            Peter R. Afrasiabi
                                            John Tehranian

                                            *Attorneys for Plaintiff,*
                                            *Michael Grecco Productions, Inc.*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **DEMAND FOR JURY TRIAL**

Plaintiff Grecco hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: June 1, 2018                                 **ONE LLP**

By:  /s/ Vishwanath Kootala Mohan
     Vishwanath Kootala Mohan
     Peter R. Afrasiabi
     John Tehranian

     *Attorneys for Plaintiff,*
     *Michael Grecco Productions, Inc.*

**COMPLAINT**