MARC E. MAYER (SBN 190969)
  mem@msk.com
EMILY F. EVITT (SBN 261491)
  efe@msk.com
ELIYAHU NESS (SBN 311054)
  ezn@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone:  (310) 312-2000
Facsimile:   (310) 312-3100

Attorneys for Defendant
Valnet, Inc.

PETER R. AFRASIABI (SBN 193336)
  pafrasiabi@onellp.com
VISHWANATH KOOTALA MOHAN (SBN 313759)
  vkmohan@onellp.com
ONE LLP
4000 MacArthur Blvd.
East Tower, Ste. 500
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

Attorneys for Plaintiff,
Michael Grecco Productions, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., a California corporation,<br><br>                        Plaintiff,<br><br>        v.<br><br>VALNET, INC., a California corporation; and DOES 1-10-, inclusive,<br><br>                        Defendants. | CASE NO. CV18-04889-ODW(JEMx)<br><br>Honorable Otis D. Wright II<br><br>**STIPULATED PROTECTIVE ORDER** |

## **GOOD CAUSE STATEMENT**

Good cause exists for entry of this Protective Order because the parties to this action (the "Parties"): (1) have sought and expect to seek in the future the discovery of certain information in this action that is sensitive, private, and confidential, or that third parties required to get involved in discovery in this action might believe is sensitive, private, and confidential, including, but not limited to, amounts paid under and other terms in confidential contracts entered into by the Parties with third parties, and the financial and other terms of contracts entered into by the Parties that are competitively sensitive and that would harm the Parties if such terms were disclosed to their competitors; (2) believe that unrestricted disclosure or dissemination of such confidential information will cause them some business, commercial, and privacy injury; (3) desire an efficient and practicable means to designate such information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and thereby help ensure its continued protection against unwarranted disclosure or dissemination; and (4) have agreed to such means as set forth herein.

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated

1 Protective Order does not entitle them to file confidential information under seal;

2 Civil Local Rule 79-5 sets forth the procedures that must be followed and the

3 standards that will be applied when a party seeks permission from the court to file

4 material under seal.

6 2.    DEFINITIONS

7    2.1    Challenging Party: a Party or Non-Party that challenges the

8 designation of information or items under this Order.

9    2.2    "CONFIDENTIAL" Information or Items: information (regardless of

10 how it is generated, stored or maintained) or tangible things that qualify for

11 protection under Federal Rule of Civil Procedure 26(c). In this action, the Parties

12 expect that this will include, but not be limited to, license agreements and

13 settlement agreements between Parties and Non-Parties.

14    2.3    Consultant: a person with specialized knowledge or experience in a

15 matter pertinent to the litigation who (1) has been retained by a Party's Outside

16 Counsel of Record (as defined below) to serve as a consultant in this action (2) is

17 not a past or current employee of a Party, and (3) at the time of retention, is not

18 anticipated to testify.

19    2.4    Counsel (without qualifier): Outside Counsel of Record and House

20 Counsel (as well as their support staff).

21    2.5    Designating Party: a Party or Non-Party that designates information or

22 items that it produces in disclosures or in responses to discovery as

23 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

24 ONLY".

25    2.6    Disclosure or Discovery Material: all items or information, regardless

26 of the medium or manner in which it is generated, stored, or maintained (including,

27 among other things, testimony, transcripts, and tangible things), that are produced

28 or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness in this action, (2) is not a past or current employee of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party.

2.8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9 House Counsel: attorneys who are employees of a Party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party/Non-Parties: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12 Party/Parties: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action,

1  with or without prejudice; and (2) final judgment herein after the completion and

2  exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

3  including the time limits for filing any motions or applications for extension of

4  time pursuant to applicable law.

5

6  5.    DESIGNATING PROTECTED MATERIAL

7        5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

8  Each Party or Non-Party that designates information or items for protection under

9  this Order must take care to limit any such designation to specific material that

10  qualifies under the appropriate standards. To the extent it is practical to do so, the

11  Designating Party must designate for protection only those parts of material,

12  documents, items, or oral or written communications that qualify – so that other

13  portions of the material, documents, items, or communications for which

14  protection is not warranted are not swept unjustifiably within the ambit of this

15  Order.

16        Mass, indiscriminate, or routinized designations are prohibited. Designations

17  that are shown to be clearly unjustified or that have been made for an improper

18  purpose (*e.g.*, to unnecessarily encumber or retard the case development process or

19  to impose unnecessary expenses and burdens on other parties) expose the

20  Designating Party to sanctions.

21        If it comes to a Designating Party's attention that information or items that it

22  designated for protection do not qualify for protection at all or do not qualify for

23  the level of protection initially asserted, that Designating Party must promptly

24  notify all other parties that it is withdrawing the mistaken designation.

25        5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in

26  this Order (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise

27  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

1  under this Order must be clearly so designated before the material is disclosed or
2  produced.

3      Designation in conformity with this Order requires:

4      (a)   <u>for information in documentary form</u> (*e.g.*, paper or electronic
5  documents, but excluding transcripts of depositions or other pretrial or trial
6  proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or
7  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that
8  contains protected material. If only a portion or portions of the material on a page
9  qualifies for protection, the Producing Party also must clearly identify the
10 protected portion(s) (*e.g.*, by making appropriate markings in the margins) and
11 must specify, for each portion, the level of protection being asserted.

12     A Party or Non-Party that makes original documents or materials available
13 for inspection need not designate them for protection until after the inspecting
14 Party has indicated which material it would like copied and produced. During the
15 inspection and before the designation, all of the material made available for
16 inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
17 ONLY." After the inspecting Party has identified the documents it wants copied
18 and produced, the Producing Party must determine which documents, or portions
19 thereof, qualify for protection under this Order. Then, before producing the
20 specified documents, the Producing Party must affix the appropriate legend
21 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
22 ONLY") to each page that contains Protected Material. If only a portion or
23 portions of the material on a page qualifies for protection, the Producing Party also
24 must clearly identify the protected portion(s) (*e.g.*, by making appropriate
25 markings in the margins) and must specify, for each portion, the level of protection
26 being asserted.

27     (b)   for testimony given in deposition or in other pretrial or trial
28 proceedings, that the Designating Party identify on the record, before the close of

Mitchell
Silberberg &
Knupp LLP

B346929.1/45144-00006

1 the deposition, hearing, or other proceeding, all protected testimony and specify
2 the level of protection being asserted. When it is impractical to identify separately
3 each portion of testimony that is entitled to protection and it appears that
4 substantial portions of the testimony may qualify for protection, the Designating
5 Party may invoke on the record (before the deposition, hearing, or other
6 proceeding is concluded) a right to have up to 21 days to identify the specific
7 portions of the testimony as to which protection is sought and to specify the level
8 of protection being asserted. Only those portions of the testimony that are
9 appropriately designated for protection within the 21 days shall be covered by the
10 provisions of this Stipulated Protective Order. Alternatively, a Designating Party
11 may specify, at the deposition or up to 21 days afterwards if that period is properly
12 invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or
13 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

14       Parties shall give the other parties notice if they reasonably expect a
15 deposition, hearing or other proceeding to include Protected Material so that the
16 other parties can ensure that only authorized individuals who have signed the
17 "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those
18 proceedings. The use of a document as an exhibit at a deposition shall not in any
19 way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
20 – ATTORNEYS' EYES ONLY."

21       Transcripts containing Protected Material shall have an obvious legend on
22 the title page that the transcript contains Protected Material, and the title page shall
23 be followed by a list of all pages (including line numbers as appropriate) that have
24 been designated as Protected Material and the level of protection being asserted by
25 the Designating Party. The Designating Party shall inform the court reporter of
26 these requirements. Any transcript that is prepared before the expiration of a 21-
27 day period for designation shall be treated during that period as if it had been
28 designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its

entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to

confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a noticed motion challenging confidentiality designation, under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) no sooner than 21 days after providing written notice of a challenge or 7 days after the Parties agree that the meet and confer process will not resolve their dispute, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. In addition, the Designating Party may file a noticed motion to maintain confidentiality designation at any time, if there is good cause for doing so. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may

Mitchell
Silberberg &
Knupp LLP

B346929.1/45144-00006

1 expose the Challenging Party to sanctions. Unless the Designating Party expressly

2 waives confidentiality during the pendency of a motion filed pursuant to the

3 preceding paragraph, all Parties shall continue to afford the material in question the

4 level of protection to which it is entitled under the Producing Party's designation

5 until the court rules on the challenge.

6

7 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

8    7.1    Basic Principles. A Receiving Party may use Protected Material that is

9 disclosed or produced by another Party or by a Non-Party in connection with this

10 case only for prosecuting, defending, or attempting to settle this litigation. Such

11 Protected Material may be disclosed only to the categories of persons and under

12 the conditions described in this Order. When the litigation has been terminated, a

13 Receiving Party must comply with the provisions of section 13 below (FINAL

14 DISPOSITION).

15    Protected Material must be stored and maintained by a Receiving Party at a

16 location and in a secure manner that ensures that access is limited to the persons

17 authorized under this Order.

18    7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

19 otherwise ordered by the court or permitted in writing by the Designating Party, a

20 Receiving Party may disclose any information or item designated

21 "CONFIDENTIAL" only to:

22       (a)    the Receiving Party's Outside Counsel of Record in this action,

23 as well as employees of said Outside Counsel of Record to whom it is reasonably

24 necessary to disclose the information for this litigation;

25       (b)    the officers, directors, and employees (including House

26 Counsel) of the Receiving Party to whom disclosure is reasonably necessary for

27 this litigation;

28

1        (c)    Experts (as defined in this Order) of the Receiving Party to

2 whom disclosure is reasonably necessary for this litigation and who have signed

3 the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

4        (d)    Consultants (as defined in this Order) of the Receiving Party to

5 whom disclosure is reasonably necessary for this litigation and who have signed

6 the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7        (e)    the court and its personnel;

8        (f) court reporters, professional jury or trial consultants, and Professional

9 Vendors to whom disclosure is reasonably necessary for this litigation and who

10 have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and

11 their staff;

12        (g)    during their depositions, witnesses in the action to whom

13 disclosure is reasonably necessary and who have signed the "Acknowledgment and

14 Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating

15 Party or ordered by the court. Pages of transcribed deposition testimony or exhibits

16 to depositions that reveal Protected Material must be separately bound by the court

17 reporter and may not be disclosed to anyone except as permitted under this

18 Stipulated Protective Order.

19        (h)    the author or recipient of a document containing the

20 information or a custodian or other person who otherwise legally possessed or

21 knew the information.

22    7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES</u>

23 <u>ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted

24 in writing by the Designating Party, a Receiving Party may disclose any

25 information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

26 EYES ONLY" only to:

27

28

1      (a)    the Receiving Party's Outside Counsel of Record in this action,
2   as well as employees of said Outside Counsel of Record to whom it is reasonably
3   necessary to disclose the information for this litigation;

4      (b)    Experts (as defined in this Order) of the Receiving Party to
5   whom disclosure is reasonably necessary for this litigation, who have signed the
6   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

7      (c)    Consultants (as defined in this Order) of the Receiving Party to
8   whom disclosure is reasonably necessary for this litigation, and who have signed
9   the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10      (d)    the court and its personnel;

11      (e)    court reporters, professional jury or trial consultants, and
12  Professional Vendors to whom disclosure is reasonably necessary for this litigation
13  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
14  A) and their staff; and

15      (f)    the author or recipient of a document containing the
16  information or a custodian or other person who otherwise legally possessed or
17  knew the information.

18

19  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
20        IN OTHER LITIGATION

21      If a Party is served with a subpoena or a court order issued in other litigation
22  that compels disclosure of any information or items designated in this action as
23  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
24  ONLY" that Party must:

25      (a)    promptly notify in writing the Designating Party. Such
26  notification shall include a copy of the subpoena or court order;

27      (b)    promptly notify in writing the party who caused the subpoena
28  or order to issue in the other litigation that some or all of the material covered by

1  the subpoena or order is subject to this Protective Order. Such notification shall
2  include a copy of this Stipulated Protective Order; and

3           (c)     cooperate with respect to all reasonable procedures sought to be
4  pursued by the Designating Party whose Protected Material may be affected.[1]

5           If the Designating Party timely seeks a protective order, the Party served
6  with the subpoena or court order shall not produce any information designated in
7  this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
8  ATTORNEYS' EYES ONLY" before a determination by the court from which the
9  subpoena or order issued, unless the Party has obtained the Designating Party's
10 permission. The Designating Party shall bear the burden and expense of seeking
11 protection in that court of its confidential material – and nothing in these
12 provisions should be construed as authorizing or encouraging a Receiving Party in
13 this action to disobey a lawful directive from another court.

14

15 9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
16         PRODUCED IN THIS LITIGATION

17         (a)     The terms of this Order are applicable to information produced by a
18 Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY
19 CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced
20 by Non-Parties in connection with this litigation is protected by the remedies and
21 relief provided by this Order. Nothing in these provisions should be construed as
22 prohibiting a Non-Party from seeking additional protections.

23         (b)     In the event that a Party is required, by a valid discovery request, to
24 produce a Non-Party's confidential information in its possession, and the Party is

25

26 ─────────────────────

27 [1] The purpose of imposing these duties is to alert the interested parties to the
    existence of this Protective Order and to afford the Designating Party in this case
    an opportunity to try to protect its confidentiality interests in the court from which
28 the subpoena or order issued.

Mitchell
Silberberg &
Knupp LLP

1 subject to an agreement with the Non-Party not to produce the Non-Party's

2 confidential information, then the Party shall:

3      1.     promptly notify in writing the Requesting Party and the Non-

4 Party that some or all of the information requested is subject to a confidentiality

5 agreement with a Non-Party;

6      2.     promptly provide the Non-Party with a copy of the Stipulated

7 Protective Order in this litigation, the relevant discovery request(s), and a

8 reasonably specific description of the information requested; and

9      3.     make the information requested available for inspection by the

10 Non-Party.

11      (c)     If the Non-Party fails to object or seek a protective order from this

12 court within 14 days of receiving the notice and accompanying information, the

13 Receiving Party may produce the Non-Party's confidential information responsive

14 to the discovery request. If the Non-Party timely seeks a protective order, the

15 Receiving Party shall not produce any information in its possession or control that

16 is subject to the confidentiality agreement with the Non-Party before a

17 determination by the court.[2] Absent a court order to the contrary, the Non-Party

18 shall bear the burden and expense of seeking protection in this court of its

19 Protected Material.

20

21 10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

22      If a Receiving Party learns that, by inadvertence or otherwise, it has

23 disclosed Protected Material to any person or in any circumstance not authorized

24 under this Stipulated Protective Order, the Receiving Party must immediately (a)

25 notify in writing the Designating Party of the unauthorized disclosures, (b) use its

26 _____

27 [2] The purpose of this provision is to alert the interested parties to the existence of
confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to
28 protect its confidentiality interests in this court.

1   best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform

2   the person or persons to whom unauthorized disclosures were made of all the terms

3   of this Order, and (d) request such person or persons to execute the

4   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

5   A.

6

7   11.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

8         PROTECTED MATERIAL

9         When a Producing Party gives notice to Receiving Parties that certain

10  inadvertently produced material is subject to a claim of privilege or other

11  protection, the obligations of the Receiving Parties are those set forth in Federal

12  Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

13  whatever procedure may be established in an e-discovery order that provides for

14  production without prior privilege review. Pursuant to Federal Rule of Evidence

15  502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure

16  of a communication or information covered by the attorney-client privilege or

17  work product protection, the Parties may incorporate their agreement in the

18  stipulated protective order submitted to the court.

19

20  12.   MISCELLANEOUS

21         12.1   Right to Further Relief. Nothing in this Order abridges the right of any

22  person to seek its modification by the court in the future.

23         12.2   Right to Assert Other Objections. By stipulating to the entry of this

24  Protective Order no Party waives any right it otherwise would have to object to

25  disclosing or producing any information or item on any ground not addressed in

26  this Stipulated Protective Order. Similarly, no Party waives any right to object on

27  any ground to use in evidence of any of the material covered by this Protective

28  Order.

1      12.3   Filing Protected Material. Without written permission from the
2  Designating Party or a court order secured after appropriate notice to all interested
3  persons, a Party may not file in the public record in this action any Protected
4  Material. A Party that seeks to file under seal any Protected Material must comply
5  with Civil Local Rule 79-5. Protected Material may only be filed under seal
6  pursuant to a court order authorizing the sealing of the specific Protected Material
7  at issue. Pursuant to Civil Local Rule 79-5.2.2(b)(i), a Receiving Party seeking to
8  file Protected Material under seal must confer with a Designating Party in an
9  attempt to eliminate or minimize the need for filing under seal by means of
10  redaction. If the document cannot be suitably redacted by agreement, the Receiving
11  Party must file an Application with a supporting declaration establishing that the
12  Protected Material at issue is privileged, protectable as a trade secret, or otherwise
13  entitled to protection under the law. If a Receiving Party's request to file Protected
14  Material under seal pursuant to Civil Local Rule 79-5.2.2(b)(i) is denied by the
15  court, then the Receiving Party may file the Protected Material in the public record
16  pursuant to Civil Local Rule 79-5.2.2(b)(ii) no earlier than 4 days and no later than
17  10 days after the Application is denied, unless otherwise instructed by the court.

18      12.4   Production Of Source Code Not Anticipated. At the time of the filing
19  of this stipulated protective order, the Parties do not anticipate the production of
20  source code during the course of discovery. The Parties agree that, should
21  production of source code become necessary at a later stage in this litigation, the
22  Parties will negotiate and stipulate to an amendment to this protective order, which
23  amendment shall govern the production of source code, before any such production
24  takes place. Nothing in this paragraph, or this protective order, shall be construed
25  as a representation or admission regarding the relevance of source code to this
26  litigation, or as an obligation on any Party to produce any source code.

27

1   13.   FINAL DISPOSITION

2          Within 60 days after the final disposition of this action, as defined in

3   paragraph 4, each Receiving Party must return all Protected Material to the

4   Producing Party or destroy such material. As used in this subdivision, "all

5   Protected Material" includes all copies, abstracts, compilations, summaries, and

6   any other format reproducing or capturing any of the Protected Material. Whether

7   the Protected Material is returned or destroyed, the Receiving Party must submit a

8   written certification to the Producing Party (and, if not the same person or entity, to

9   the Designating Party) by the 60-day deadline that (1) identifies (by category,

10  where appropriate) all the Protected Material that was returned or destroyed and

11  (2) affirms that the Receiving Party has not retained any copies, abstracts,

12  compilations, summaries or any other format reproducing or capturing any of the

13  Protected Material. Notwithstanding this provision, Counsel are entitled to retain

14  an archival copy of all pleadings, motion papers, trial, deposition, and hearing

15  transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

16  reports, attorney work product, and consultant and expert work product, even if

17  such materials contain Protected Material. Any such archival copies that contain or

18  constitute Protected Material remain subject to this Protective Order as set forth in

19  Section 4 (DURATION).

20

21          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

22

23  DATED: September 18, 2018          MITCHELL SILBERBERG & KNUPP LLP

24

25                                     By:  /s/ Eliyahu Ness
26                                          Marc E. Mayer
                                           Emily F. Evitt
27                                         Eliyahu Ness
                                           Attorneys for Defendant
28                                         Valnet, Inc.

DATED: September 18, 2018         ONE LLP


                                  By: /s/ Peter Afrasiabi
                                      Peter R. Afrasiabi
                                      Vishwanath Kootala Mohan
                                      Attorneys for Plaintiff,
                                      Michael Grecco Productions, Inc.


## **Attestation Regarding Signatures**

I, Eliyahu Ness, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: September 18, 2018         /s/ Eliyahu Ness
                                  Eliyahu Ness

Mitchell
Silberberg &
Knupp LLP

B346929.1/45144-00006

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 9/19/2018

Honorable Otis D. Wright II
United States Magistrate Judge

**JOHN E. McDERMOTT**
**UNITED STATES MAGISTRATE JUDGE**

Mitchell
Silberberg &
Knupp LLP

B346929.1/45144-00006

## **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on _____ in the case of *Michael Grecco Productions, Inc. v.*

*Valnet, Inc., Inc.,* Case No. CV18-04889-ODW(JEMx). I agree to comply with and

to be bound by all the terms of this Stipulated Protective Order, and I understand

and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this

Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
　　　　　　　[printed name]

Signature: _____
　　　　　[signature]

Mitchell
Silberberg &
Knupp LLP

B346929.1/45144-00006